IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT

GARY L. PETRICK,

    Plaintiff,

vs.

GEICO INDEMNITY COMPANY,

    Defendant.

FILED in the Trial Courts
State of Alaska Fourth District

DEC 18 2012

By _____ Deputy

Case No. 4FA-12-____ Civil

## COMPLAINT

COMES NOW the plaintiff, Gary L. Petrick, by and through his attorneys, PASKVAN & RINGSTAD, P.C., and for his complaint against the defendant, Geico Indemnity Company, states the following:

1. Plaintiff is a resident of the State of Alaska residing in the Fourth Judicial District of the State of Alaska.

2. Defendant is and was, at all times relevant hereto, an insurance company doing business in the State of Alaska subject to the jurisdiction of this court.

3. Venue and jurisdiction is proper and appropriate in this court.

4. Defendant is liable for the actions, inactions, and/or failures to act of its employees under the theories of vicarious liability and/or agency and/or respondeat superior.

5. Defendant issued an Alaska Family Automobile Insurance Policy, policy number 1921-72-2-03, to plaintiff.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 1 of 21

714 4th Avenue, Suite 301
PO Box 73888, Fairbanks, AK 99707
(907) 452-1205 • Fax (907) 456-5396

PASKVAN & RINGSTAD
A PROFESSIONAL CORPORATION

6. The coverage period for policy number 1921-72-2-03 included October 11, 2011 through April 11, 2012.

7. The Alaska Family Automobile Insurance Policy, policy number 1921-72-2-03, issued to plaintiff by defendant, was in effect on February 20, 2012.

8. Defendant, as part of the policy it issued to plaintiff, promised to pay plaintiff for bodily injury damages caused by an underinsured motorist.

9. Defendant's Policy No. 1921-72-2-03, in part, provides as follows:

> We will pay damages for bodily injury, caused by an accident, which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle, and underinsured motor vehicle, or a hit and run motor vehicle arising out of the ownership, maintenance or use of that vehicle.

10. Plaintiff paid defendant a premium for coverage for bodily injury damages caused by an underinsured motorist.

11. In exchange for the premium paid by plaintiff, defendant agreed to pay damages for bodily injury caused by an accident which the plaintiff is legally entitled to recover from the operator of an underinsured motor vehicle.

12. On February 20, 2012, while stopped at a red light at the intersection of College Road and Aurora Drive, the motor vehicle in which plaintiff was traveling was struck from the rear by a motor vehicle being driven by Roger Roberts.

714 4th Avenue, Suite 301
P.O. Box 73888, Fairbanks, AK 99707
(907) 452-1205 · Fax (907) 455-8395

ALASKVAN & RINGSTAD
A PROFESSIONAL CORPORATION

13. At the time of the above-described motor vehicle collision, plaintiff was wearing a seat-belt.

14. On February 20, 2012, College Road, in the area of the above-described motor vehicle collision, was straight and level.

15. On February 20, 2012, at the time of the above-described motor vehicle collision, it was daylight and clear.

16. The above-described motor vehicle collision occurred at approximately 1:00 p.m.

17. On February 20, 2012, at the time of the above-described motor vehicle collision, defendant was traveling in the same traffic lane as plaintiff.

18. On February 20, 2012, at the time of the above-described motor vehicle collision, defendant was traveling behind plaintiff.

19. The sole and legal cause of the above-described February 20, 2012 motor vehicle collision was Roger Roberts' negligence and fault.

20. As a direct and proximate result of Roger Roberts' negligence and fault, plaintiff sustained injuries and suffered damages, including but not necessarily limited to the following: medical expenses, past and future; lost wages, past and future; property damage; pain and suffering, past and future; and lost enjoyment of life, past and future.

21. As a result of the above-described February 20, 2012 motor vehicle collision, plaintiff sustained and was treated for

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 3 of 21

00085

DASKVAN & RINGSTAD
A PROFESSIONAL CORPORATION
714 4th Avenue, Suite 301
P.O. Box 73888, Fairbanks, AK 99707
(907) 452-1205 · Fax (907) 456-6396

left wrist, left shoulder, and back injuries, including pain.

22. The treatment plaintiff received for the injuries caused by the February 20, 2012 motor vehicle collision included left wrist surgery performed on April 17, 2012 by Dr. Cobden.

23. Prior to the February 20, 2012 motor vehicle collision, plaintiff did not need the left wrist surgery performed by Dr. Cobden on April 17, 2012.

24. Following his April 17, 2012 wrist surgery, plaintiff was referred to and underwent physical therapy for his wrist at Equinox Physical Therapy.

25. But for the April 17, 2012 left wrist surgery, plaintiff would not have needed the physical therapy he underwent for his left wrist at Equinox Physical Therapy.

26. After clinical examination and an MRI, plaintiff was informed that he needed left shoulder surgery, and that without surgery his shoulder/arm would not work right and he would not have full movement of his shoulder/arm.

27. Plaintiff underwent left rotator cuff surgery shoulder on June 19, 2012, performed by Dr. Cobden.

28. Prior to the February 20, 2012 motor vehicle collision, plaintiff did not need the left shoulder surgery performed by Dr. Cobden on June 19, 2012.

29. The treatment plaintiff received for the injuries caused by the February 20, 2012 motor vehicle collision included left shoulder surgery performed on June 18, 2012 by Dr. Cobden.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 4 of 21

714 4th Avenue, Suite 301
PO Box 73882, Fairbanks, AK 99707
(907) 452-1203 · Fax (907) 455-6356

DASKVAN & RINGSTAD
A PROFESSIONAL CORPORATION

30. Following his left shoulder surgery, plaintiff was referred to and underwent physical therapy at Equinox Physical Therapy.

31. But for the June 19, 2012 left shoulder surgery, plaintiff would not have needed the physical therapy he underwent for his left shoulder at Equinox Physical Therapy.

32. On April 13, 2012, plaintiff underwent a lumbar MRI which, among other things, identified the following:

> L2-L3: There is disc height loss, disc desiccation, moderate diffuse disc bulge with a left foraminal disc protrusion. . .
>
> L3-L4: There is disc desiccation, diffuse disc bulge . . .
>
> L4-L5: There is disc height loss, disc. . .
>
> L5-S1: There is disc height loss and a small diffuse disc bulge. . . .

33. December 14, 2011 radiographs, showed:

> . . . There is no evidence of vertebral body compression . . . .

34. A comparison of the December 14, 2011 and April 13, 2012 radiograph reports objectively identifies significant low back injuries caused by the February 20, 2012 motor vehicle collision.

35. Plaintiff reasonably and necessarily incurred the following medical expenses as a result of the above-described February 20, 2012 motor vehicle collision:

DASKVAN
RINGSTAD
A PROFESSIONAL CORPORATION
714 4th Avenue, Suite 301
PO Box 73858, Fairbanks, AK 99707
(907) 452-1203 • Fax (907) 456-6936

| Golden Hrt. E.R. | $ 1,203.00 |
|---|---|
| FMH | 13,464.45 |
| Fbks. Orthop. Ctr. | 16,746.00 |
| Fbks. Anesthesia | 2,950.00 |
| North Star Radiology | 4,836.00 |
| Equinox P.T. | 4,624.00 |
| Prescriptions | |
| Total | $43,823.45 |

36.  Plaintiff missed work and lost income as result of the injuries he sustained in the February 20, 2012 motor vehicle collision.

37.  Plaintiff is and was, at the time of the February 20, 2012 motor vehicle, a member of Laborers' International Union of North America, Local 942.

38.  On March 29, 2012, plaintiff was offered a job through Laborers' Union Local 942.

39.  Plaintiff could not accept the job offered to him because of the injuries sustained in the above-described motor vehicle collision.

40.  But for the injuries he sustained in the above-described February 20, 2012 motor vehicle collision, Mr. Petrick would have been dispatched through Local 942 on March 29, 2012.

41.  In 2012, plaintiff would have earned hourly wages of $29.00 per hour plus benefits of $20.22 per hour working through Laborers' Union Local 942.

42.  Plaintiff would have worked 60 to 70 hours per week during the 2012 construction season.

43.  Plaintiff was not released to return to work until September 5, 2012.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 6 of 21

44. The 2012 interior Alaska construction season hiring was over by September 5, 2012.

45. Plaintiff continues to experience ongoing symptoms, including pain, as a result of the injuries he sustained in the above-described February 20, 2012 motor vehicle collision.

46. The only applicable liability coverage Roger Roberts had was under a motor vehicle policy issued by State Farm Insurance Company, with stated per person limits of $100,000.00.

47. The vehicle being driven by Roger Roberts at the time of the above-described February 20, 2012 motor vehicle collision was licensed for highway use.

48. The vehicle Roger Roberts was driving at the time of the above-described February 20, 2012 motor vehicle collision was insured and the amount of insurance on the vehicle was less than the amount plaintiff is entitled to recover for bodily injury from Roger Roberts.

49. Roger Roberts was the driver of an underinsured motor vehicle as the term "underinsured motor vehicle" is defined by Policy No. 1921-72-2-03 issued by defendant.

50. Plaintiff sustained bodily injury as the term "bodily injury" is defined by Policy No. 1921-72-2-03 issued by defendant.

51. The bodily injury sustained by plaintiff arose out of the operation or use of an underinsured motor vehicle.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 7 of 21

52. Plaintiff was an "insured," as the term is defined by the Alaska Family Automobile Insurance policy, policy number 1921-72-2-03, issued by defendant.

53. A UIM bodily injury claim is a first-party claim.

54. the limits of liability of all bodily injury liability bonds and policies that apply to the above-described February 20, 2012 motor vehicle collision have been used up by payments, judgments, or settlement.

55. The vehicle being driven by Roger Roberts at the time of the February 20, 2012 collision which is the subject of this action was an "underinsured motor vehicle" as the term is defined by the Alaska Family Automobile Insurance policy, policy number 1921-72-2-03, issued by defendant.

56. The motor vehicle policy issued to plaintiff by defendant provided underinsured motor vehicle coverage to plaintiff.

57. On June 1, 2012, plaintiff requested that defendant, in writing: (1) consent to a policy limits demand being made to Mr. Roberts; (2) consent to plaintiff's acceptance of a policy limits tender, if one was made on behalf of Mr. Roberts; and (3) acknowledge that payment of policy limits on behalf of Mr. Roberts to plaintiff would trigger the UIM coverage under the policy issued to plaintiff by GEICO for plaintiff.

58. Defendant failed to respond to plaintiff's June 1, 2012 request set forth in paragraph 57 above.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 8 of 21

59. On June 1, 2012, plaintiff requested that defendant provide a complete copy, including dec page, of the motor vehicle policy issued to Mr. and Mrs. Petrick.

60. On August 15, 2012, a policy limits offer was made to plaintiff on behalf of Mr. Roberts.

61. On August 16, 2012, plaintiff notified defendant that a policy limits offer, based on interest through August 17, 2012, in the amount of $114,339.04 was received from State Farm Insurance Company on behalf of Mr. Roberts.

62. On August 16, 2012, plaintiff requested that defendant consent to the acceptance of State Farm Insurance Company's policy limits offer made on behalf of Mr. Roberts, acknowledge that payment of policy limits by State Farm Insurance Company on behalf of Mr. Roberts would trigger the UIM coverage under the policy it issued to plaintiff, waive its med pay reimbursement interest, and confirm that the motor vehicle policy it issued to plaintiff provided the first layer of UIM coverage for plaintiff.

63. On August 17, 2012, defendant was provided with Mr. Robert's defense counsel's written representations that "there was no other auto insurance that would apply to this accident, other than the State Farm policy with limits of $100,000.00."

64. On August 22, 2012, defendant requested a recorded statement from plaintiff so that it could "determine if we are

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 9 of 21

00091

DASKVAN & RINGSTAD
A PROFESSIONAL CORPORATION
714 4th Avenue, Suite 301
PO Box 73835, Fairbanks, AK 99707
(907) 452-1205 • Fax (907) 455-8356

willing to provide our consent to settle [and] As we have not had a chance to review and determine if consent will be given it is too early to advise as to waiving the medical payments subrogation claim."

65. On August 22, 2012, during a telephone call, defendant reasserted and stated that it would not give plaintiff its consent to settle his claim against Roger Roberts without a recorded statement from plaintiff.

66. During the August 22, 2012 telephone call described in paragraph 65 above, when asked if it had done an asset check on the tortfeasor, Mr. Roberts, defendant replied yes, but refused to disclose the results of its asset check.

67. During the August 22, 2012 telephone call described in paragraphs 65 and 66 above, in response to defendant's statement that it had done an asset check and defendant's refusal to disclose the asset check results, it was stated to defendant that: (1) it is less than candid and good faith to its insured to say a recorded statement was needed by defendant to determine if it would go after the tortfeasor when defendant knew the tortfeasor had no assets; and (2) its insured is now losing money, because interest is only being paid to the 17th and if defendant needed a recorded statement to decide whether or not to consent to acceptance of a policy limits offer, it should have requested one when it was first asked for its consent to settle for policy limits on June 1, 2012.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 10 of 21

00092

68. After the discussions set forth in paragraphs 65 to 67 above, defendant withdrew its request for a recorded statement and consent to acceptance of the policy limits offer made by State Farm Insurance Company on behalf of Mr. Roberts.

69. On August 22, 2012, defendant confirmed, in writing, its consent to plaintiff settling his bodily injury claim with the underlying liability carrier and "should the claim settle for full policy limits GEICO will agree to waive the medical payments subrogation claim."

70. Plaintiff entered into a settlement with Roger Roberts for his State Farm liability bodily injury policy limits.

71. Plaintiff's settlement with Roger Roberts constitutes a policy limits settlement under Roger Roberts' available liability coverage.

72. Plaintiff's settlement with Roger Roberts triggered a contractual and statutory UIM bodily injury claim with defendant.

73. Defendant acknowledged that plaintiff's settlement with Roger Roberts triggered the UIM bodily injury coverage under the policy it issued to plaintiff.

74. Prior to August 22, 2012, defendant performed an asset check or had an asset check performed on Roger Roberts.

75. Defendant did not provide plaintiff a copy of the asset check performed on Roger Roberts.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 11 of 21

76. Defendant refused to disclose the results of the Roger Roberts asset check.

77. Defendant's failure and refusal to disclose to and give plaintiff the results of its asset check of Roger Roberts was not in plaintiff's best interest and did not treat plaintiff's interest with equal regard as its own interest.

78. On August 16, 2012, a claim under the UIM coverage of the policy issued to plaintiff by defendant was made.

79. The August 16, 2012 UIM claim set forth the basis of plaintiff's claim and plaintiff's injuries and damages and included copies of the police report, vehicle damage photographs, medical records, medical billings, and wage loss information, including a Local 942 letter explaining that plaintiff lost work.

80. On August 22, 2012, defendant acknowledged its receipt of the medical bills and records forwarded to it.

81. On September 14, 2012, a copy of the settlement check received on behalf of the underlying tortfeasor was provided to defendant.

82. Plaintiff properly submitted a UIM bodily injury claim to defendant.

83. On September 14, 2012, defendant was asked if it needed any additional information or documentation to complete its evaluation of the plaintiff's UIM claim.

84. On September 21, 2012, a copy of the applicable dec page for the underlying tortfeasor was provided to defendant.

85. On September 21, 2012, defendant was asked if it needed any additional information or documentation to complete its investigation of plaintiff's UIM claim.

86. On October 25, 1012, plaintiff gave defendant a recorded statement.

87. On November 6, 2012, plaintiff notified defendant that tender of policy limits under UIM coverage was appropriate and should be made without further delay.

88. Defendant did not request additional time to complete its investigation.

89. Defendant did not give written notice that it needed additional time to complete its investigation and its adjustment of plaintiff's UIM claim.

90. Defendant did not give notice that time was needed to complete its investigation.

91. Defendant completed its investigation on or before November 14, 2012.

92. On November 14, 2012, defendant extended "an offer of $5000 to Mr. Petrick inclusive of any accident related medical bills, liens, or subrogation demands, known or unknown. This offer [was] extended in exchange for a full and final release of all claims."

93. Defendant concluded its adjustment of plaintiff's UIM bodily injury claim on or before November 14, 2012.

94. Defendant communicated its evaluation of plaintiff's UIM bodily injury claim on November 14, 2012.

95. As of November 14, 2012, defendant did not request any medical expert to review plaintiff's injury claim.

96. As of November 14, 2012, defendant had not asked any of plaintiff's health care providers about his condition.

97. As of November 14, 2012, defendant did not dispute that plaintiff had a life expectancy of 24 more years.

98. As of November 14, 2012, defendant did not dispute that plaintiff had a work life expectation of at least 7 more years.

99. As of November 14, 2012, defendant did not dispute that the medical care and treatment obtained by plaintiff was reasonable, appropriate, and necessary.

100. As of November 14, 2012, defendant did not dispute that plaintiff's injuries were caused by the above-described February 20, 2012 motor vehicle collision.

101. As of November 14, 2012, defendant did not dispute that the above set forth medical expenses were reasonable.

102. As of November 14, 2012, defendant did not dispute that the above set forth medical expenses arose out of the above-described February 20, 2012 motor vehicle collision.

103. As of November 14, 2012, defendant did not dispute that plaintiff had properly submitted a UIM bodily injury claim to defendant.

104. As of November 14, 2012, defendant knew or should have known that plaintiff's UIM bodily injury damages were greater than $5,000.00 to Mr. Petrick, inclusive of any accident related medical bills, liens, or subrogation demands, known or unknown.

105. On November 14, 2012, defendant knew or should have known that its offer to pay plaintiff $5,000.00 inclusive of any accident related medical bills, liens, or subrogation demands, known or unknown, to settle all of his claims did not reasonably reflect plaintiff's individual injuries.

106. As of November 14, 2012, defendant knew or should have known that plaintiff had ongoing symptoms.

107. Defendant's offer to pay plaintiff $5,000.00, inclusive of any accident related medical bills, liens, or subrogation demands, known or unknown, to settle all of his claims did not consider that plaintiff had ongoing symptoms.

108. Defendant's offer to pay plaintiff $5,000.00, inclusive of any accident related medical bills, liens, or subrogation demands, known or unknown, to settle all of his claims did not consider that plaintiff would likely suffer continuing and future pain and suffering.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 15 of 21

109.   Defendant's offer to pay plaintiff $5,000.00, inclusive of any accident related medical bills, liens, or subrogation demands, known or unknown, to settle all of his claims did not consider that plaintiff would likely suffer future loss of earning capacity.

110.   Defendant conditioned settlement of plaintiff's UIM claim on "a full and final release of all claims" from plaintiff.

111.   A release is not appropriate in first-party UIM claims context.

112.   A full and final release of all claims extends beyond plaintiff's UIM claim.

113.   3 AAC 26.060(4) prohibits defendant from requesting that plaintiff agree to a compromise or release that extends beyond the subject matter that gives rise to the claim payment

114.   On November 27, 2012, plaintiff requested that the amount he is entitled to under his UIM coverage be arbitrated.

115.   On November 29, 2012, defendant declined to arbitrate the amount Mr. Petrick is entitled to under his UIM coverage.

116.   On December 6, 2012, defendant provided a copy of the applicable dec page and policy effective on the day of the loss.

117.   December 6, 2012 was the first time defendant provide a copy the policy, including dec page, as requested on June 1, 2012.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 16 of 21

714 4th Avenue, Suite 301
PO Box 72888, Fairbanks, AK 99707
(907) 452-1855 • Fax (907) 456-0856

DASKVAN
& RINGSTAD
A PROFESSIONAL CORPORATION

118. As of December 17, 2012, defendant did not request any medical expert to review plaintiff's injury claim.

119. As of December 17, 2012, defendant had not asked any of plaintiff's health care providers about his condition.

120. As of December 17, 2012, defendant did not dispute that plaintiff had a life expectancy of 24 more years.

121. As of December 17, 2012, defendant did not dispute that plaintiff had a work life expectation of at least 7 more years.

122. As of December 17, 2012, defendant did not dispute that the medical care and treatment obtained by plaintiff was reasonable, appropriate, and necessary.

123. As of December 17, 2012, defendant did not dispute that plaintiff's injuries were caused by the above-described February 20, 2012 motor vehicle collision.

124. As of December 17, 2012, defendant did not dispute that the above set forth medical expenses were reasonable.

125. As of December 17, 2012, defendant did not dispute that the above set forth medical expenses arose out of the above-described February 20, 2012 motor vehicle collision.

126. As of December 17, 2012, defendant did not dispute that plaintiff had properly submitted a UIM bodily injury claim to defendant.

127. As of December 17, 2012, defendant knew or should have known that plaintiff's UIM bodily injury damages were

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 17 of 21

DASKVAN & RINGSTAD
A PROFESSIONAL CORPORATION
714 4th Avenue, Suite 301
PO Box 73888, Fairbanks, AK 99707
(907) 452-1205 • Fax (907) 456-6396

greater than $5,000.00, inclusive of any accident related medical bills, liens, or subrogation demands, known or unknown.

128.   On December 17, 2012, defendant knew or should have known that its offer to pay plaintiff $5,000.00, inclusive of any accident related medical bills, liens, or subrogation demands, known or unknown, to settle all of his claims did not reasonably reflect plaintiff's individual injuries.

129.   As of December 17, 2012, defendant knew or should have known that plaintiff had ongoing symptoms.

130.   As of November 14, 2012, defendant did not pay those portions of plaintiff's UIM bodily injury claim not in dispute.

131.   As of December 17, 2012, defendant did not pay those portions of plaintiff's UIM bodily injury claim not in dispute.

132.   As November 14, 2012, defendant has failed to tender even its lowest evaluation of plaintiff's UIM bodily injury damages.

133.   As of December 17, 2012, defendant has failed to tender even its lowest evaluation of plaintiff's UIM bodily injury damages.

134.   As of December 17, 2012, defendant has failed to tender any amount to plaintiff.

135.   As of November 14, 2012, defendant did not consult with any medical experts regarding plaintiff's injuries.

136.   As of December 17, 2012, defendant did not consult with any medical experts regarding plaintiff's injuries.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 18 of 21

714 4th Avenue, Suite 301
PO Box 73883, Fairbanks, AK 99707
(907) 452-1005 · Fax (907) 455-5356

DASKVAN
RINGSTAD
A PROFESSIONAL CORPORATION

137. Defendant adjusted plaintiff's UIM bodily injury claim.

138. Defendant was obligated to reasonably investigate plaintiff's UIM bodily injury claim.

139. Defendant failed to reasonably investigate plaintiff's UIM bodily injury claim.

140. Defendant was obligated to treat plaintiff's interests with equal regard as its own interests when adjusting his UIM bodily injury claim.

141. Defendant failed to treat plaintiff's interests with equal regard as its own interests when adjusting his UIM bodily injury claim.

142. Defendant was obligated to make prompt settlement of plaintiff's UIM bodily injury claim.

143. Defendant did not make a prompt settlement of plaintiff's UIM bodily injury claim.

144. Defendant was obligated to make an equitable settlement of plaintiff's UIM bodily injury claim.

145. Defendant failed to make an equitable settlement of plaintiff's UIM bodily injury claim.

146. Defendant was obligated to promptly pay those portions of plaintiff's UIM bodily injury claim not in dispute.

147. Defendant failed to reasonably investigate plaintiff's UIM bodily injury claim.

Petrick v Geico/4333-001/KPR/cmb
COMPLAINT, Page 19 of 21

714 4th Avenue, Suite 201
PO Box 73888, Fairbanks, AK 99707
(907) 452-1205 • Fax (907) 456-6396

DASKVAN & RINGSTAD
A PROFESSIONAL CORPORATION

148. Defendant failed to reasonably adjust plaintiff's UIM bodily injury claim.

149. Defendant sold insurance protection to plaintiff to compensate him for any past and/or future medical expense, wage loss, diminished earning capacity, pain, suffering, physical impairment, loss of capacity for enjoyment of life, inconvenience and other non-pecuniary damages caused by an underinsured motorist in an amount greater than the liability policy limits from the underinsured motorist up to defendant's policy limits.

150. Plaintiff paid defendant for insurance protection to compensate him for any past and/or future medical expense, wage loss, diminished earning capacity, pain, suffering, physical impairment, loss of capacity for enjoyment of life, inconvenience and other non-pecuniary damages caused by an underinsured motorist in amounts greater than the liability policy limits from the underinsured motorist up to defendant's policy limits.

151. On November 27, 2012, plaintiff requested that defendant arbitrate the disputed damages in his UIM bodily injury claim.

152. Defendant refused to agree to arbitrate.

153. Defendant is liable to plaintiff for his past and/or future medical expense, wage loss, diminished earning capacity, pain, suffering, physical impairment, loss of capacity for

714 4th Avenue, Suite 201
PO Box 73888, Fairbanks, AK 99707
(907) 452-1205 · Fax (907) 456-6356

DASKVAN
& RINGSTAD
A PROFESSIONAL CORPORATION

enjoyment of life, inconvenience and other non-pecuniary damages caused by Roger Roberts, an underinsured motorist, in an amount to be proved at trial.

154. Defendant is liable to plaintiff for breach of the covenant of good faith and fair dealings, in an amount to be proved at trial.

155. Defendant is liable to plaintiff for punitive damages for conduct that was outrageous and/or evidenced reckless disregard to the interest of the plaintiff, in an amount to be proved at trial.

WHEREFORE plaintiff prays for relief as follows:

1. An award of compensatory damages in an amount in excess of $100,000.00, to be proved at trial.

2. An award of punitive damages in an amount to be proved at trial.

3. An award for attorney's fees and costs.

4. Such other and further relief as this court deems just and equitable.

DATED at Fairbanks, Alaska this _18_ day of December, 2012.

PASKVAN & RINGSTAD, P.C.
Attorney for plaintiff

By: _____
Kenneth P. Ringstad
AK Bar No. 8011109

714 4th Avenue, Suite 201
PO Box 73883, Fairbanks, AK 99707
(907) 452-1205 • Fax (907) 456-6306

PASKVAN & RINGSTAD
A PROFESSIONAL CORPORATION